535 A.2d 196

**Lawrence J. FIERST and Betty J. Fierst, his wife, Appellees,**

v.

**COMMONWEALTH LAND TITLE INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued May 13, 1987.

Filed Dec. 28, 1987.

Richard G. Kotarba, Pittsburgh, for appellant.

David J. Millstein, Greensburg, for appellees.

Before WIEAND, KELLY and POPOVICH, JJ.

WIEAND, Judge:

This is an appeal by Commonwealth Land Title Insurance Company (Land Title) from an order refusing to strike a default judgment entered against it by Lawrence J. Fierst and Betty J. Fierst. The determinative issue can be understood only after a review of the history of this protracted litigation.

On December 10, 1981, the Fiersts filed a complaint against Land Title which sounded in assumpsit and tort.[1] The complaint was served on Land Title on December 15, 1981. Thereafter, an extension of thirty days within which to file a responsive pleading was granted orally by plaintiffs' counsel to counsel for the defendant. Despite several conversations between counsel for the parties after this extension had expired, a responsive pleading was not forthcoming. Therefore, on April 1, 1982, plaintiffs' counsel gave written notice of intent to enter a default judgment under Pa.R.C.P. 237.1. When there still was no responsive pleading, the Fiersts, on April 13, 1982, caused a default judgment to be entered. The praecipe for judgment recited that "[n]otice of intent to enter default judgment [had been]

---

1. A prior action in equity between the same parties had terminated in favor of Land Title.

served upon the counsel for the Defendant on April 1, 1982." A copy of the notice, addressed to Land Title, was attached to the praecipe.

A petition to open the default judgment was filed on June 25, 1982. In order to assist the court in deciding the same, the parties filed a stipulation of facts. Included were the following agreed facts:

9. On April 1, 1982, Plaintiffs' counsel in compliance with the Pennsylvania Rules of Civil Procedure sent out the appropriate notices of intent to take default judgment.

. . . . .

12. On April 13, 1982 at 10:42 a.m., Plaintiffs' counsel filed a Praecipe for Default Judgment along with proper certification in compliance with the Pennsylvania Rules of Civil Procedure and judgment was entered accordingly.

Land Title's petition to open the default judgment was denied on December 28, 1982 because, the trial court held, Land Title had not moved promptly to open the judgment. No immediate appeal was filed. Instead, Land Title petitioned the trial court to reconsider its order, alleging for the first time that the Fiersts had failed to comply with the notice requirements of Pa.R.C.P. 237.1. The petition for reconsideration was denied on August 28, 1984; and on September 25, 1984, Land Title appealed to the Superior Court. It argued, inter alia, that the default judgment was improper and should have been opened because the Fiersts had failed to comply with Rule 237.1.

The Superior Court, in an unpublished memorandum, affirmed the order of the trial court and responded to Land Title's argument[2] as follows:

Commonwealth Land Title complains that the Fiersts failed to comply with the notice provisions of Pa.R.C.P. 237.1 in that while notice was served upon Attorney

---

2. The panel of the Superior Court could have affirmed the trial court's refusal to reconsider for the same reasons which led to the decision in *Simpson v. Allstate Insurance Co.*, 350 Pa.Super. 239, 504 A.2d 335 (1986).

Herrington, and the Praecipe so stated, the Praecipe did not state that the notice of intention to enter default judgment was served upon Commonwealth Land Title. Furthermore, Appellant complains, the notice of intent to take default judgment was never served on or received by Commonwealth Land Title prior to the entry of default judgment by the Fiersts. Commonwealth Land Title has appended, to its brief, an affidavit to this effect.

Appellant's petition to open the default judgment contains no allegation that notice was never received by them and, based upon stipulation to which attorneys for both the Fiersts and Appellant agreed, the trial court found as a fact that, in compliance with the Pennsylvania Rules of Civil Procedure, appropriate notices of intent to take default judgment had been sent. Thus, we find that Appellant has waived this argument by failure to first raise it in the court below. See: *Ackerman v. Port Authority of Allegheny County*, 323 Pa.Super. 375, 470 A.2d 640 (1984).

Regarding Commonwealth Land Title's attempt to raise this issue in its petition to the trial court for reconsideration, a petition for reconsideration of an order asks the court to reconsider its order in light of the record it previously considered. *Conaway v. 20th Century Corporation*, 491 Pa. 189, 420 A.2d 405 (1980). We perceive no manifest abuse of discretion or error of law on the part of the trial court for having failed to consider the enhanced record presented to it.

A subsequent application to the Superior Court for reargument was denied.

Thereafter, Land Title filed, on October 23, 1986, a petition to strike the judgment on grounds that the record was defective because it failed to disclose that the Fiersts had complied with Pa.R.C.P. 237.1. The trial court denied the petition summarily; and Land Title filed the appeal which is presently before this Court.

■ The Fiersts filed a motion to quash Land Title's appeal on grounds that the issue had been decided by this

Court in the earlier appeal and that its judgment was now final. This motion is denied. The prior appeal was from an order refusing to open the default judgment. The present appeal is from a subsequent order denying a motion to strike the judgment on grounds that it was patently defective. This appeal is properly before the Court.

A petition to strike a judgment will be granted only for defects appearing on the face of the record. *Franklin Interiors v. Wall of Fame Management Co., Inc.,* 510 Pa. 597, 599, 511 A.2d 761, 762 (1986); *Continental Bank v. Rapp,* 336 Pa.Super. 160, 166, 485 A.2d 480, 483 (1984); *Academy House Council v. Phillips,* 312 Pa.Super. 364, 369, 458 A.2d 1002, 1004 (1983); *Gee v. Caffarella,* 300 Pa.Super. 480, 482, 446 A.2d 956, 957 (1982). If the record affirmatively shows a failure to comply with Pa.R.C.P. 237.1, the record is defective. Such a record fails to support the entry of a default judgment. *Fountainville Historical Farm v. Bucks County,* 340 Pa.Super. 412, 490 A.2d 845 (1985); *Academy House Council v. Phillips, supra; Giallorenzo v. American Druggists' Insurance Co.,* 301 Pa.Super. 294, 447 A.2d 974 (1982).

In the instant case, however, the record is not defective. Attached to the praecipe for the entry of judgment was a copy of a notice of intent to enter a default judgment, which had been addressed to Land Title. Although the language of the praecipe for judgment was that the notice of intent had been served upon counsel, the parties subsequently stipulated that notice of intent to enter a default judgment had been sent in compliance with the Pennsylvania Rules of Civil Procedure. This record is sufficient to support a valid judgment.

Moreover, appellant was estopped to assert any irregularity in the proceedings leading up to the entry of a default judgment. After the default judgment had been entered, appellant did not challenge the validity of the judgment but acknowledged its validity and moved to open it. Its petition to open the judgment did not allege that the

judgment was defective because of a failure to give notice under Rule 237.1. Instead, appellant assumed the validity of the judgment, stipulated that notice of intent to enter a default judgment had been appropriately given, and asked the trial court, by the application of equitable principles, to open the judgment and allow a defense to plaintiffs' cause of action. The trial court found that equitable principles did not warrant an opening of the judgment and denied relief. It was only then, in a petition requesting reconsideration, that appellant sought to repudiate its stipulation and aver a default judgment based on inadequate compliance with Pa. R.C.P. 237.1. This was too late. Appellant was bound by its stipulation and estopped from seeking to strike the judgment on grounds that prior notice had not been given.

■ Parties are bound by their stipulations made in judicial proceedings. "[C]oncessions made in stipulations are judicial admissions, and accordingly may not later in the proceedings be contradicted by the party who made them." *Tyler v. King,* 344 Pa.Super. 78, 89, 496 A.2d 16, 21 (1985). See also: *Tops Apparel Manufacturing Co. v. Rothman,* 430 Pa. 583, 587, 244 A.2d 436, 438 (1968); *Light v. Miller,* 303 Pa.Super. 527, 530, 450 A.2d 51, 53 (1982). Therefore, Land Title will not now be heard to say that it did not have notice that the Fiersts intended to enter a default judgment against it.

The judgment entered against Land Title was not what is sometimes referred to as a "snap judgment." The judgment was entered almost four months after the complaint had been served. In the interim, according to the record in the proceedings to open the judgment, plaintiffs' counsel had orally granted an extension of thirty days for the filing of a responsive pleading by the defendant and, upon the expiration of the extended period, had made several requests upon defense counsel to file the same. Finally, plaintiffs' counsel sent notice that plaintiffs intended to enter judgment if the default were not corrected within ten days. When the default remained uncorrected after the expiration of that ten day period, the default judgment was

finally entered on April 13, 1982. This judgment, as we have observed, is facially valid and will not be stricken because appellant now has obtained new counsel and alleges that it was not aware of prior counsel's default.

Finally, appellant argues that the trial court erred because it denied the motion to strike the judgment without taking testimony pursuant to Pa.R.C.P. 209. This argument misperceives the nature of a motion to strike the judgment. "An application to strike off a judgment is an attack upon the judgment's validity." 12 Std.Pa.Prac., Relief from Judgments § 71:165. It is in the nature of a demurrer to the record. *Bethlehem Steel Corp. v. Tri State Industries, Inc.*, 290 Pa.Super. 461, 434 A.2d 1236 (1981); *Edlis v. County of Allegheny*, 89 Pa.Cmwlth.Ct. 209, 492 A.2d 455 (1985). It may be granted only for defects appearing on the face of the record. *Franklin Interiors v. Wall of Fame Management Co., Inc., supra* 510 Pa. at 599, 511 A.2d at 762. A judgment may not be stricken on the basis of facts outside the record. 12 Pa.Std. Prac. **Relief from Judgments** § 71:170. If the alleged defect is based on matters outside the record, the proper approach is by petition to open the judgment. *Middletown v. Fried & Gerber, Inc.*, 308 Pa.Super. 161, 454 A.2d 71 (1982).

■ Appellant's petition to strike the default judgment entered against it was a demurrer to the record; it asked the court to review the record and determine whether it was sufficient to support a valid judgment. This petition did *not* require the court to take testimony in order to determine whether the application of equitable principles required that the judgment should be opened to allow a defense. Because appellant's request was limited to a review of the record to determine the validity of the judgment, there was no need to receive testimony by depositions or otherwise. To consider facts not already a part of the record would have been improper.

The order of the trial court is affirmed.

POPOVICH, J., concurs in the result.