600 A.2d 213

**PENNWEST FARM CREDIT, ACA, Appellee,**

v.

**Gary J. HARE and Judith A. Hare.**

**Appeal of Judith A. HARE, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 3, 1991.

Filed Dec. 12, 1991.

424

Donald E. Williams, New Castle, for appellant.

John W. Hodge, New Castle, for appellee.

Before WIEAND, KELLY and POPOVICH, JJ.

KELLY, Judge:

In this appeal we are called upon to determine whether a party praeciping for the entry of a default judgment on a complaint in mortgage foreclosure for a mortgage of less than fifty thousand dollars must comply with the notice requirements to the defaulting party set forth in Pa.R.C.P. 237.1 before the default judgment may be entered. We are further called upon to determine whether Pa.R.C.P. 2959, which requires that grounds for relief, whether to strike off a judgment entered by confession or open a judgment entered by confession, must be stated in a single petition, is applicable to a default judgment entered on a complaint in mortgage foreclosure. We affirm in part and reverse in part.

The relevant facts and procedural history are as follows. The appellant and her former husband, Gary J. Hare, purchased a modular home from Factory Homes Outlet.[1] The appellant and her former husband arranged financing for this purchase through the Farm Credit Bank of Baltimore. The thirty-two thousand, five hundred dollar mortgage was duly recorded on September 12, 1988. The mortgage was subsequently assigned to the appellee, PennWest Farm Credit, ACA. The appellant and her former husband failed to make their full monthly payment on January 1, 1990, and thereafter ceased making any payments to the appellee.

On March 21, 1990, the appellee sent the appellant a notice of default and intention to foreclose on the mortgage pursuant to 41 Pa.S.A. § 403. On September 13, 1990, almost six months later, the appellee filed its complaint in mortgage foreclosure. Both the appellant and her former husband were served with the complaint. The complaint was left unanswered and a default judgment was entered in favor of the appellee on October 25, 1990 for thirty-nine

---

1. Judith A. Hare and Gary J. Hare were divorced on December 19, 1989. Mr. Hare has not filed any responsive pleading to the complaint in mortgage foreclosure or participated in any aspect of this appeal.

thousand, nine hundred and eight-five dollars and three cents, plus costs.

On December 27, 1990, the appellant filed a petition to strike off the judgment entered upon default. In her petition, the appellant alleged that the appellee failed to give her ten days notice as required by Pa.R.C.P. 237.1(a) before praeciping for the entry of default judgment. The trial court granted the appellant a stay, which prevented the appellee from executing upon the default judgment, and scheduled argument on the petition for February 15, 1991. On January 29, 1991, the appellant subsequently filed a petition to strike and/or open the judgment entered upon default and an answer to the complaint in mortgage foreclosure with a counterclaim. Following legal argument, the trial court dismissed both the appellant's petition to strike off the judgment entered upon default and her petition to strike and/or open judgment entered upon default. The trial court also ordered the stay dissolved. This timely appeal followed.

On appeal, the appellant raises two issues for our review.

1. WHETHER THE PLAINTIFF IS REQUIRED TO COMPLY WITH PA. RULE OF CIVIL PROCEDURE NO. 237.1(a) WHEN THE PLAINTIFF ELECTS TO PROCEED IN AN ACTION IN MORTGAGE FORE-CLOSURE IN LIEU OF ENTERING A JUDGMENT BY CONFESSION?

2. WHETHER A MORTGAGOR IN A PETITION TO STRIKE A JUDGMENT BY DEFAULT IS RE-QUIRED TO SET FORTH IN SAID PETITION ALL GROUNDS FOR THE OPENING OF A JUDGMENT IN THE ONE PETITION?

(Appellant's Brief at V).

The appellant's first contention on appeal is that the trial court erred in finding that Pa.R.C.P. 237.1 does not apply when the mortgagee elects to proceed through a complaint in mortgage foreclosure in lieu of a judgment by confession. The appellant argues that the appellee was compelled to proceed in accordance with Pa.R.C.P. 237.1(a), which re-

quires that the defaulting party receive notice of the default at least ten days before the non-defaulting party praecipes for the entry of the default judgment. The appellant asserts that because she did not receive proper notice pursuant to Pa.R.C.P. 237.1(a), the entry of the default judgment was invalid on its face, and the trial court's dismissal of her petition to strike the default judgment was in error.

A petition to strike a judgment will be granted only for defects appearing on the face of the record. *Franklin Interiors v. Wall of Fame Management Co., Inc.*, 510 Pa. 597, 599, 511 A.2d 761, 762 (1986); *Fierst v. Com. Land Title Ins. Co.*, 369 Pa.Super. 355, 360, 535 A.2d 196, 198 (1987). Generally, if the record affirmatively shows a failure to comply with Pa.R.C.P. 237.1,[2] the record is defective and will not support the entry of a default judgment. *Fierst v. Com. Land Title Ins. Co., supra*, 535 A.2d at 198–199; *Fountainville Historical Farm v. Bucks County*, 340 Pa.Super. 412, 490 A.2d 845 (1985). However, Pa.R.C.P. 237.1(b) states that the rule does not apply to any action subject to the provisions of 41 Pa.S.A. § 101 *et seq.*, which is applicable to all residential mortgages under $50,-000.00. *See Continental Bank v. Rapp*, 336 Pa.Super. 160, 485 A.2d 480 (1984).

Instantly, the appellant's residential mortgage was for thirty-two thousand five hundred dollars, thus bringing the praecipe for default judgment on the complaint in

2. **Pa.R.C.P. 237.1 Notice of Praecipe for Entry of Default Judgment**
 (a) No judgment by default shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered to the party against whom judgment is to be entered and to his attorney of record, if any, after the default occurred and at least ten days prior to the date of the filing of the praecipe. If a written agreement for an extension of time specifies a time within which the required action must be taken and a default occurs thereafter, judgment by default may be entered by the prothonotary without prior notice under this rule. A copy of the notice of agreement shall be attached to the praecipe.
 (b) This rule does not apply to (1) a judgment entered pursuant to an order of court or rule to show cause or (2) any action subject to the provisions of Act No. 6 of 1974, P.L. 13, 41 P.S. § 101 *et seq.*

mortgage foreclosure within the ambit of 41 Pa.S.A. § 101 *et seq.* The appellee complied with the notice provisions set forth in 41 Pa.S.A. § 403 [3] when it notified the appellant on March 21, 1990 of its intention to foreclose on the mortgage. Accordingly, the trial court correctly held that the Pa.R.C.P. 237.1 notice requirement before praeciping for the entry of default judgment was inapplicable in the instant case and properly denied the appellant's petition to strike the default judgment.

The appellant, in her second issue, contends that the trial court erred in dismissing her subsequently filed petition to strike and/or open the judgment entered upon default pursuant to Pa.R.C.P. 2959(a). The appellant argues that because Pa.R.C.P. 2959(a), which holds that all grounds for relief, whether to strike off a judgment entered by default or to open a judgment entered by default, must be stated in

3. 41 Pa.S.A. § 403 Notice of Intention to Foreclose
 (a) Before any residential mortgage lender may accelerate the maturity of any residential mortgage obligation, commence any legal action including mortgage foreclosure to recover under such obligation, or take possession of any security of the residential mortgage debtor for such residential mortgage obligation, such person shall give the residential mortgage debtor notice of such intention at least thirty days in advance as provided in this section.
 (b) Notice of intention to take action as specified in subsection (a) of this section shall be in writing, sent to the residential mortgage debtor by registered or certified mail at his last known address and, if different, at the residence which is the subject of the residential mortgage.
 (c) The written notice shall clearly and conspicuously state:
 (1) The particular obligation or real estate security interest;
 (2) The nature of the default claimed;
 (3) The right of the debtor to cure the default as provided in section 404 of this act and exactly what performance including what sum of money, if any, must be tendered to cure the default;
 (4) The time within which the debtor must cure the default;
 (5) The method or methods by which the debtor's ownership or possession of the real estate may be terminated; and
 (6) The right of the debtor, if any, to transfer the real estate to another person subject to the security interest or to refinance the obligation and of the transferee's right, if any, to cure the default.
 (d) The notice of intention to foreclose provided in this section shall not be required where the residential mortgage debtor, has abandoned or voluntarily surrendered the property which is the subject of a residential mortgage.

a single petition, is only applicable to relief from a judgment by confession, the trial court erred in applying Pa.R.C.P. 2959(a) to the appellant's January 29, 1991 petition to strike and/or open the judgment entered by default. The appellant asserts that, as her subsequently filed January 29, 1991 petition to strike and/or open the judgment entered upon default sets forth an explanation and an equitable reason for her failure to file a timely answer and an assertion that she has a meritorious defense to the complaint in mortgage foreclosure, the trial court should have opened the default judgment.

 In order to address the appellant's second issue on appeal, we must first examine whether the trial court properly applied Pa.R.C.P. 2959(a) to the appellant's second petition to strike and/or open the default judgment. Our review of Chapter 29 of the Pennsylvania Rules of Civil Procedure indicates that all of the rules in this chapter, including Pa.R.C.P. 2959(a) are only applicable in cases involving a judgment by confession, and may not be applied in an action of mortgage foreclosure. *See* Pa.R.C.P. 2981.[4] The instant case involves a default judgment entered upon a complaint in mortgage foreclosure. Accordingly, the trial court erred in applying Pa.R.C.P. 2959(a) to the appellant's subsequent petition to strike and/or open the judgment entered upon default.

 Next, we must determine whether the trial court's denial of the appellant's initial petition to strike the judgment entered upon default, filed on December 27, 1990, precludes our review of her January 29, 1991 petition to strike and/or open the judgment entered upon default. A

4. **Pa.R.C.P. 2981 Definitions. Conformity to Civil Action**
 (a) As used in this chapter
 "Act" means Act No. 6 of 1974, approved January 30, 1974, 41 P.S. § 101 *et seq.* or Act No. 7, approved October 28, 1966 (Special Session No. 1), as amended by the Act of March 25, 1982, No. 68, 69 P.S. § 1101 *et seq.*
 "Action" means an action required by the Act as a prerequisite to the issuance of execution upon certain judgments entered by confession. It shall not include an action of mortgage foreclosure.

petition to strike off a default judgment and a petition to open a default judgment are two distinct remedies which are not generally interchangeable. *Advance Bldg. Services v. F & M Schaeffer Brewing Co.*, 252 Pa.Super. 579, 384 A.2d 931 (1978); *Matlock v. Lipare*, 243 Pa.Super. 167, 364 A.2d 503 (1976). A petition to strike off a default judgment operates as a demurrer to the record and will only be granted for defects appearing on the face of the record, while an application to open the default judgment is appropriate where the alleged irregularity is a matter outside the record and where evidence relating to the cause of action must be introduced to support the application. *Matlock v. Lipare, supra*, 243 Pa.Superior Ct. at 169–170, 364 A.2d at 504; *Goldberg v. Altman*, 190 Pa.Super. 495, 154 A.2d 279 (1959); 12 Pa.Std.Prac. *Relief from Judgments* § 71.3. The denial of a motion to strike is not generally a bar to a subsequent petition to open, as both concern separate issues: judgments are stricken only for irregularity on the record, and once regularly entered, judgments can only be opened upon equitable principles. *Estate of Levy by Levy v. CNA Ins. Co.*, 338 Pa.Super. 191, 487 A.2d 919 (1985).

█ Instantly, the trial court's proper denial of the petition to strike the default judgment should not have precluded its review of the portion of the appellant's subsequently filed January 29, 1991 petition, which requested opening of the default judgment, because the opening of the default judgment goes to the equitable powers of the trial court and concerns matters outside the record. Therefore, the trial court must review the portion of the January 29, 1991 petition requesting the opening of the default judgment to determine whether the appellant has raised sufficient equitable grounds to warrant the opening of the default judgment. Accordingly, we affirm the portion of the trial court's order denying the petitions to strike. However, we reverse the portion of the trial court's order refusing to review the appellant's request to open the default judgment, and remand this case to the trial court for proceedings consistent with this opinion.

Affirmed in part and reversed in part. Jurisdiction relinquished.

WIEAND, J., concurs in the result.