**Warner v. Warner**

*Margery E. Golant,* for plaintiff.
*Scott D. Pellinger,* for defendant.

MOTT, *J.,* March 2, 1993—

## HISTORY

On October 1, 1985, Cynthia Warner, the plaintiff, filed a complaint in divorce against Gerald Warner, the defendant. The first count of the complaint alleged that the marriage of the plaintiff and the defendant was irretrievably broken and sought a decree of divorce pursuant to section 201(c) of the Pennsylvania Divorce Code of 1980. The second count of the complaint alleged that the defendant "offered such indignities to the person of the plaintiff ... as to render her condition intolerable and life burdensome." Conspicuously absent from the plaintiff's complaint is any reference to section 201(d) of the old Divorce Code.

On October 25, 1988, more than three years later, the defendant filed two documents with the Bradford County prothonotary. One document was entitled Affidavit of Defendant Gerald Warner Jr., In Re Section 201(d) Divorce. The second document was a praecipe to transmit record requesting that the prothonotary deliver the record to the court for an entry of a divorce decree based on irretrievable breakdown under section 201(d) of the old Divorce Code. There is no indication in the record that the defendant gave notice to the plaintiff of the filing of these two documents.

Without specifying whether it was relying on section 201(c) or section 201(d) of the old Divorce Code, the court, pursuant to the master's recommendation, issued to the defendant a decree dissolving the marriage on the grounds of irretrievable breakdown. This decree was issued on October 26, 1988. The record does not sat-

isfactorily demonstrate that the plaintiff was ever provided with notice of the entry of this divorce decree.

The plaintiff now seeks to have the divorce decree vacated, arguing that its entry violated Pennsylvania's laws and Rules of Civil Procedure.

## DISCUSSION

The Divorce Code of 1990 provides:

"A motion to *open* a decree of divorce ... may be made only within [30 days after entry] .... A motion to *vacate* a decree or strike a judgment alleged to be void because of extrinsic fraud, lack of jurisdiction over the subject matter or a fatal defect apparent on the face of the record must be made within five years after entry of the final decree...." 23 Pa.C.S. §3332. (emphasis added)

The plaintiff in this case properly seeks that the divorce decree be *vacated,* and therefore, she is not time-barred under section 3332. When a petition requests relief that would require the consideration of evidence beyond what is already contained in the record, it should be labeled a petition to *open.* *Nixon v. Nixon,* 329 Pa. 256, 198 A. 154 (1938). Under section 3332, such a petition must be made within 30 days following a judgment. But where a "judgment is being attacked for a matter of record, the proper motion is to strike off or vacate...." *Id.* The plaintiff has adequately pleaded that the divorce decree was defective because improper procedures precipitated its entry, and she has done so within the five year period allotted by the statute.

Although both section 201(c) and section 201(d) of the old Divorce Code[*] allowed for a divorce when the marriage was "irretrievably broken," here a review of the record clearly indicates that the procedural requirements of both sections were disregarded when the divorce decree was entered. The record alone supports this conclusion; it is unnecessary to consider any additional evidence.

Section 201(c) provided that "[i]t shall be lawful for the court to grant a divorce where a complaint has been filed alleging that the marriage is irretrievably broken and 90 days have elapsed from the date of filing of the complaint *and an affidavit has been filed by each of the parties evidencing that each of the parties consents to the divorce.*" The form of the required affidavits is governed by Pa.R.C.P. 1920.72(b). Although the form and content of the defendant's affidavit might satisfy the requirements of Pa.R.C.P. 1920.72(b), the plaintiff never filed any such affidavit. Thus, the record demonstrates a lack of compliance with the basic procedural requirements for a decree based on section 201(c).

Section 201(d) of the old divorce code provided that "[i]t shall be lawful for the court to grant a divorce *where a party has filed a complaint and an affidavit* alleging that the parties have lived separate and apart for a period of at least three years and that the marriage is irretrievably

---

[*] The repealed law still governs the issues in this case pertaining to the requirements and procedures for *obtaining* a divorce. The current statute controls the authority of this court to vacate the divorce. See 23 Pa.C.S. §3101, note.

broken, and (i) the respondent does not deny the allegations set forth in the affidavit...." Although the defendant filed an affidavit that approaches compliance with Pa.R.C.P. 1920.72(c), the applicable rule of procedure, the defendant never filed a complaint as required by section 201(d). The absence of a complaint indicates more than a non-compliance with technical rules of divorce procedure. It also forces a conclusion, in light of the record, that the plaintiff never had any notice that the defendant was seeking a divorce under section 201(d). This conclusion is further supported by the fact that the record fails to indicate that the plaintiff was ever provided with notice of the affidavit and praecipe filed by the defendant.

The fact that the *plaintiff* had filed a complaint alleging that the marriage was irretrievably broken is irrelevant to this analysis. For whatever reason, the plaintiff never filed the affidavit required by the Divorce Code and Rules of Procedure. The defendant cannot compensate for this deficiency with unilateral action, especially in the absence of notice to the plaintiff. Thus, after a thorough review of the history of this case, we believe that the failure to comply with basic mandated procedures constitutes a fatal defect that is readily apparent on the face of the record. Because a petition to vacate a judgment or decree may be granted for defects appearing on the face of the record, *Fierst v. Commonwealth Land Title Insurance Co.,* 369 Pa. Super. 355, 535 A.2d 196 (1987); *Franklin Interiors v. Wall of Fame Management,* 510 Pa. 597, 600, 511 A.2d 761, 762 (1986) ("[i]f the record is not self-sustaining, the judgment should be stricken"), and because the record in this case does not support the decree of divorce, the decree must be stricken.

The defendant argues that 23 Pa.C.S. §3333 bars the plaintiff from petitioning to vacate the decree. That statute provides, in part, "The validity of a divorce ... decree granted by a court having jurisdiction over the subject matter may not be questioned by a party who was subject to the personal jurisdiction of the court except by direct appeal provided or prescribed by law." Although the court in this case had both subject matter and personal jurisdiction over the plaintiff, acceptance of the defendant's interpretation of this provision would render 23 Pa.C.S. §3332, which specifically provides for the opening and vacating of divorce decrees, meaningless. Courts should read statutory provision in a manner that gives effect to the entire statute. *Consulting Engineers Council of Pennsylvania v. State Architects Licensure Board,* 522 Pa. 204, 208, 560 A.2d 1375, 1377 (1989).

The defendant further argues that the remaining provision of 23 Pa.C.S. §3333 bars the plaintiff's petition. The provision states:

"A party who sought and obtained a decree, financed or agreed to its procurement, or accepted a property settlement, alimony pendente lite or alimony pursuant to the terms of the decree, or is guilty of laches, is barred from making a *collateral attack upon* the validity of the decree...." *Id.* (emphasis added)

The record in this case, however, will not support any argument that this statute applies to the plaintiff. She did not seek and obtain or finance and agree to the procurement of this decree. She did not accept any property settlement, alimony pendente lite or alimony subject to the terms of this decree. She cannot be guilty of laches

where the record does not support the contention that she received notice of the entry of the decree. The plaintiff does not fit the description of any party contemplated by section 3333.

Furthermore, a collateral attack is an attempt to impeach or defeat a judgment with matters beyond the record in a proceeding that is not specifically intended for such a challenge. 49 C.J.S. *Judgments* §408(b) (1947). In other words, "a collateral attack on a judgment is an attack made by or in an action or proceeding that has an independent purpose other than impeaching or overturning the judgment." Black's Law Dictionary 237 (5th ed. 1979). The plaintiff in this case is engaged in a direct attack on the divorce decree, not a collateral one. See 49 C.J.S. *Judgments* §408(a). Thus, she is not barred from petitioning to vacate the divorce decree by 23 Pa.C.S. §3333.

Because of the existence of a fatal defect in the divorce decree that is apparent on the face of the record, and because the plaintiff is not procedurally barred from pursuing the vacation of the divorce decree, the plaintiff's motion to vacate the decree of divorce dated October 26, 1988 will be granted.

Accordingly, the court enters the following

ORDER OF COURT

And now, March 2, 1993, in accord with the opinion filed this date, the plaintiff's petition to vacate the decree of divorce entered October 26, 1988 is granted and the decree of divorce entered on that date is hereby vacated.