## Flickinger v. Spicer

C.P. of Adams County, no. 93-S-461.

*Scott A. Ruth,* for plaintiff.
*Bernard A. Yannetti, Jr.,* for defendant.

KUHN, *J.,* March 10, 1995—By order and opinion dated January 11, 1995, we addressed and denied a petition to open default judgment filed by defendant, John Spicer. The following day said defendant filed motion to strike wherein he alleged that the prothonotary was without authority to enter default judgment because the praecipe for entry of judgment did not contain the certification required by Pa.R.C.P. 237.1. Plaintiff filed an answer on January 30, 1995. Hearing was held on February 10, 1995. The parties primarily relied on the pleadings.

Pa.R.C.P. 237.1 provides:

"(a) No judgment by default shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered to the party against

whom judgment is to be entered ... A copy of the notice ... shall be attached to the praecipe."

Failure to include the certification can be considered a fatal defect appearing on the face of the record allowing a judgment to be stricken because essentially the prothonotary has entered judgment without authority to do so. *Feigley v. Suomela,* 129 Pa. Commw. 81, 564 A.2d 1032 (1989).

Here, plaintiff attached a copy of the notice to the praecipe but failed to include the certification. Plaintiff makes three arguments: first, that the praecipe did contain a certification, second that his counsel gave an oral certification to a deputy prothonotary and third that defendant waived any irregularities and is estopped from raising any at this time.

We have little difficulty in concluding that the praecipe did not contain a certification. The rule makes clear that a copy of the notice of default and a certification be included. See explanatory note (entry of judgment) following the rule. Plaintiff merely attached the notice and nothing more.

Next we feel confident that the rule contemplates a written and not oral certification for the reason that the rule makes clear the certification is to be contained in this praecipe.

Finally, plaintiff cites *Fierst v. Commonwealth Land Title Insurance Company,* 369 Pa. Super. 355, 535 A.2d 196 (1987), *alloc. denied,* 520 Pa. 575, 549 A.2d 135 (1988) for the proposition that defendant waived his right to raise the lack of certification. In *Fierst* a default judgment was entered. The praecipe for entry of judgment recited that notice of intent to enter default had been served upon defendant's counsel and a copy of the notice was attached. After a petition to open the default judgment was filed the parties stipulated, inter

alia, that appropriate notice of intent to take default was sent and that the praecipe "along with proper certification in compliance with the" rules was entered. The petition to open was denied. Subsequently, a petition for reconsideration was filed raising for the first time plaintiff's failure to comply with the notice requirements of Rule 237.1. That request was denied. Defendant then filed a petition to strike again on the basis of plaintiff's failure to comply with Rule 237.1.

On appeal Superior Court held

"A petition to strike a judgment will be granted only for defects appearing on the face of the record. ... If the record affirmatively shows a failure to comply with Pa.R.C.P. 237.1, the record is defective. Such a record fails to support the entry of a default judgment. ...

"In the instant case, however, the record is not defective. ...

"Moreover, appellant was estopped to assert any irregularity in the proceedings leading up to the entry of a default judgment. After the default judgment had been entered, appellant did not challenge the validity of the judgment but acknowledged its validity and moved to open it. Its petition to open the judgment did not allege that the judgment was defective because of a failure to give notice under Rule 237.1. Instead, appellant assumed the validity of the judgment, *stipulated that notice of intent to enter a default judgment had been appropriately given,* and asked the trial court, by the application of equitable principles, to open the judgment and allow a defense to plaintiffs' cause of action. The trial court found that equitable principles did not warrant an opening of the judgment and denied relief. It was only then, in a petition requesting reconsideration, that appellant sought to repudiate its stipulation and aver a default judgment based on in-

adequate compliance with Pa.R.C.P. 237.1. This was too late. Appellant was *bound by its stipulation* and estopped from seeking to strike the judgment on grounds that prior notice had not been given. ..." *Fierst, supra* at 360-61, 535 A.2d at 196. (emphasis added) (citations omitted)

As can be seen the primary focus of the estoppel issue was the stipulation (a judicial admission) that there was compliance with Rule 237.1. No such stipulation exists in this case.

There is authority which suggests that,

"Generally, a rule to open a judgment admits the regularity of the judgment, or is deemed to be a waiver of any defect or irregularity in the entry of the judgment which might have been, yet was not, attacked by a motion to strike.

"This admission of regularity applies generally to irregularities of procedure ...

"An application to open a judgment does not constitute a waiver of a fundamental or vital defect, such as, where the plaintiff had no right to enter the judgment in the first place. ..." Standard Pa. Practice §71:149.

In *Fleck v. McHugh,* 241 Pa. Super. 307, 361 A.2d 410 (1976) the Superior Court notes that where a prothonotary has no power to enter a default judgment a valid judgment does not exist and a laches or estoppel theory does not bar a petition to strike filed subsequent to a petition to open. *Id.* at 315, 361 A.2d at 414.

Here, without proper certification the prothonotary had no authority to enter the default judgment. *Feigley v. Suomela, supra.* Therefore, estoppel does not bar defendant's petition to strike.

Accordingly, the attached order is entered.

## ORDER

And now, March 10, 1995, the motion to strike filed on January 16, 1995, by defendant, John Spicer, is granted and default judgment entered March 7, 1994, is stricken.