J-S44016-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CAROLYN MILLER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOANNA JOHNSON HARRIS, JAMES | : | |
| HARRIS AND ARB INTERNATIONAL, | : | |
| INC. D/B/A G.S.J. PROPERTIES, INC. | : | No. 854 EDA 2018 |
| | : | |
| Appellants | : | |

Appeal from the Order Entered February 23, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 170202602

BEFORE: LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.: **FILED AUGUST 06, 2018**

Joanna Johnson Harris, James Harris, and ARB International, Inc. d/b/a G.S.J. Properties, Inc.[1] (Appellants) appeal from the order denying their petition to strike and/or open the default judgment entered in favor of Carolyn Miller (Miller). We affirm.

On February 8, 2017, Miller filed a praecipe to issue writ of summons against Appellants. On May 17, 2017, Miller filed a complaint against Appellants, raising one claim each of breach of contract and violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law. Miller's claims arose from allegedly faulty home repair work performed by Appellants.

---

[1] For ease of discussion, we refer to ARB International, Inc. as "ARB," and G.S.J. Properties, Inc. as "G.S.J."

The complaint identified "ARB, doing business as G.S.J.," as a defendant.

Appellants did not file an answer to the complaint or preliminary objections. On June 16, 2017, Miller served Appellants with a "notice of praecipe to enter default judgment," and on September 1, 2017, served Appellants with a "praecipe to enter default judgment and assessment of damages." On September 7, 2017, Miller filed a praecipe to enter default judgment, and that same day, default judgment was entered in Miller's favor in the amount of $49,578.32.

Three months later, on December 11, 2017, Appellants' attorney entered his appearance, and on the following day, filed a petition to strike and/or open default judgment. Appellants averred, *inter alia*, that: (1) Miller failed to join G.S.J. — a distinct entity from ARB — as an indispensable party and thus the trial court lacked subject matter jurisdiction over this case; (2) there was no basis in the complaint to pierce the corporate veil to enter judgment against Joanna Johnson Harris and James Harris; and (3) the verification in the complaint was defective.[2]

The trial court held a hearing on February 21, 2018, at which Miller, her attorney, and Appellants' attorney appeared.[3] Although Appellants argued that a petition to strike a default judgment challenges "a fatal defect on the

---

[2] Appellants also averred that the complaint was not properly served on them, but they do not raise this issue on appeal.

[3] Appellants themselves did not attend the hearing. **See** N.T., 2/21/18, at 12.

face of the complaint," the trial court responded that such a petition properly goes to the service of process. N.T., 2/21/18, at 5. On February 23, 2018, the court dismissed Appellants' petition with prejudice. Pertinent to this appeal, the trial court reached the merits of Appellants' "indispensable party" claim, finding that G.S.J. was not an indispensable party.

Appellants timely appealed. The trial court did not order Appellants to comply with Pa.R.A.P. 1925(b), but nonetheless issued an opinion on April 26, 2018. Appellants present the following five issues, which we have reordered as follows:

> 1. Did the Lower Court err as a matter of law when it determined that a corporation could "do business as" a limited liability company (LLC) and the contract in question was solely between [Miller] and the LLC and [Miller] failed to join the LLC, an indispensable party, which deprived the Court of subject [m]atter jurisdiction?
>
> 2. Did the Lower Court err as a matter of law in failing to strike a default judgment where a fatal defect appears on the face of the Complaint in that [Miller] failed to join the LLC, an indispensable party, which deprived the Court of subject [m]atter jurisdiction?
>
> 3. Did the Lower Court err as a matter of law in failing to strike a default judgment where a fatal defect appears on the face of the Complaint in that there is no basis in the Complaint to pierce the corporate veil to enter judgments against Joanna Johnson Harris and James Harris?
>
> 4. Did the Lower Court err as a matter of law in failing to strike a default judgment where a fatal defect appears on the face of the Complaint in that there is no basis in the Complaint to allow counsel an attorney's fee [award] of $8,000 in the default judgment?
>
> 5. Did the Lower Court err as a matter of law in failing to strike a default judgment where a fatal defect appears on the face of the

Complaint in that the Verification to the Complaint is defective? Appellants' Brief at 5-6.

An appeal concerning a petition to strike a default judgment presents us with question of law, and thus our standard of review is *de novo* and our scope of review is plenary. ***Green Acres Rehab. & Nursing Ctr. v. Sullivan***, 113 A.3d 1261, 1267 (Pa. Super. 2015) (***Green Acres***).

> A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record. [A] petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief.

***Id.*** (quotation marks and citations omitted).

All of Appellants' issues challenging the trial court's denial of their petition to strike default judgment are based on alleged fatal defects on the face of the complaint. In considering petitions to strike default judgments, Pennsylvania courts have generally found a defect on the face of the record where there has been improper service of process or defective notice under Pa.R.Civ.P. 237.1.[4] ***See PennWest Farm Credit, ACA v. Hare***, 600 A.2d 213, 215-216 (Pa. Super. 1991) ("Generally, if the record affirmatively shows

---

[4] ***See*** Pa.R.Civ.P. 237.1(a)(2) (no default judgment shall be entered unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered at least 10 days prior to the date of the praecipe).

- 4 -

a failure to comply with Pa.R.C.P. 237.1, the record is defective and will not support the entry of a default judgment."). *See also Oswald v. WB Pub. Square Assocs., LLC*, 80 A.3d 790, 796 (Pa. Super. 2013) (plaintiff's failure to utilize proper language in Pa.R.C.P. 237.1 notice is a fatal defect on the face of the record that cannot support default judgment); *Mother's Restaurant Inc. v. Krystkiewicz*, 861 A.2d 327, 338 (Pa. Super. 2004) (default judgment was not proper where plaintiff failed to include notice to defend with complaint); *Erie Ins. Co. v. Bullard*, 839 A.2d 383, 388 (Pa. Super. 2003) (while plaintiff served notice of intent to enter praecipe for default judgment on defendant, plaintiff failed to serve defendant's attorney, and thus default judgment should have been stricken).

We further recognize that a petition to strike a default judgment and a petition to open a default judgment "are two distinct remedies, which are generally not interchangeable." *Williams v. Wade*, 704 A.2d 132, 134 (Pa. 1997) (citation omitted).

> Generally speaking, a default judgment may be **opened** if the moving party has (1) promptly filed a petition to open the default judgment, (2) provided a reasonable excuse or explanation for failing to file a responsive pleading, and (3) pleaded a meritorious defense to the allegations contained in the complaint.

*Myers v. Wells Fargo Bank, N.A.*, 986 A.2d 171, 175-176 (Pa. Super. 2009) (emphasis added). In *Green Acres*, the plaintiff filed suit against an individual and his daughter, and default judgment was subsequently entered against the daughter. *Green Acres*, 113 A.3d at 1265. Six years later, the

daughter filed a petition to strike the default judgment, arguing that the judgment was improperly entered against her individually, rather than in her capacity as power of attorney for her father. *Id.* at 1266. The trial court rejected this claim. *Id.* On appeal, this Court affirmed, reasoning:

> To the extent [the daughter] argues she cannot be held personally liable based on the specific allegations in [the] complaint, this claim is an inappropriate ground to strike a default judgment because it goes to the merits or allegations in the complaint and does not involve a fatal defect or irregularity on the face of the record. [The daughter] should have raised this defense, if at all, in a petition to **open** the judgment, which is a distinct remedy [she] failed to seek. Therefore, the trial court properly declined to strike the default judgment on this ground.

*Id.* at 1271 (emphasis added).

In support of their first issue, Appellants maintain that the trial court erred in finding that G.S.J. was not an indispensable party because: (1) contrary to the designation in Miller's complaint that ARB is "doing business as G.S.J.," G.S.J. and ARB are in fact two separate entities; (2) it was G.S.J. who executed the contract with Miller; and (3) Miller has not sued G.S.J. Appellants further reason that Miller's failure to join G.S.J. as an indispensable party was a fatal defect on the face of the complaint, and deprived the trial court of subject matter jurisdiction. Appellants allege that the default judgment is therefore void *ab initio*. They also contend that because Pa.R.Civ.P. 1032 provides that the defense of "failure to join an indispensable

party" may be raised any time,[5] they properly raised it in their petition to open or strike a default judgment, regardless of whether the petition was timely. Appellants' Brief at 20-21. Appellants reiterate these arguments in their second issue in which they assert that Miller's failure to join an indispensable party was a fatal defect on the face of the complaint and deprived the trial court of subject matter jurisdiction. *Id.* at 62-63.

Appellants attempt to establish a defect on the face of the record — as required for a petition to **strike** a default judgment — by arguing there is a defect on the face of the complaint, which they aver was Miller's failure to sue an indispensable party, G.S.J. As Appellants acknowledge, however, a claim that a plaintiff failed to join an indispensable party is a defense, ***see*** Appellants' Brief at 20-21, citing Pa.R.Civ.P. 1032, which does not go to any alleged defect in service or notice. ***See Oswald***, 80 A.3d at 796; ***Mother's Restaurant Inc. v. Krystkiewicz***, 861 A.2d at 338; ***Erie Ins. Co.***, 839 A.2d at 388; ***PennWest Farm Credit, ACA***, 600 A.2d at 215-216. Further, the issue of whether it was ARB or G.S.J. who executed the contract with Miller presents a question of fact, and would not entitle Appellants, "as a matter of law, to relief." ***See Green Acres***, 113 A.3d at 1267. Accordingly, Appellants' first two issues do not merit relief.

---

[5] The Rule states: "A party waives all defenses and objections which are not presented either by preliminary objection, answer or reply, except . . . the defense of failure to join an indispensable party . . . ." Pa.R.Civ.P. 1032(a).

In their third issue, Appellants argue that Miller's complaint did not show that either James Harris or Joanna Johnson Harris were parties to the contract, and did not show any basis to pierce the corporate veil to enter judgment against them individually. Appellants' Brief at 45-46. In their fourth issue, Appellants aver that there was an additional defect "on the face of the complaint," being the lack of a basis for attorneys' fees of $8,000. *Id.* at 53. In support, Appellants maintain that the contract was silent with regard to attorneys' fees and there was no verification or detail regarding attorneys' fees incurred by Miller.

Significantly, neither of these claims relate to any "fatal defect or irregularity appearing on the face of the record . . . that affect[s] the validity of the judgment" or entitles them to relief as a matter of law. *See Green Acres*, 113 A.3d at 1267. Appellants, therefore, are not entitled to relief on their third and fourth issues.

In their final issue, Appellants argue that Miller's verification of the complaint was defective pursuant to Pa.R.Civ.P. 1024. *See* Pa.R.Civ.P. 1024(a) ("Every pleading containing an averment of fact not appearing of record . . . or containing a denial of fact shall state that the averment or denial is true upon the signer's personal knowledge or information and belief and shall be verified."). We first set forth the pertinent paragraphs of Miller's verification:

> 2. I verify that the statements made in the foregoing **Discovery Responses** are true and correct to the best of my

knowledge, information and belief; and

     3.  I understand that the statements in said **Answer** are subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

[Miller's signature]

Complaint, 5/17/17 (emphasis added).  Appellants maintain that Miller failed to verify that the statements in her **complaint** were true, and further assert that "[t]he complaint is devoid of any indication of what paragraphs are based on Miller's personal knowledge and what paragraphs are based on counsel's supposed 'investigation.'"  Appellants' Brief at 59-60.

This Court has held that the "lack of proper verification to a petition does not affect the jurisdiction of the court in which the petition is filed." *George H. Althof, Inc. v. Spartan Inns of Am.*, 441 A.2d 1236, 1238 n.3 (Pa. Super. 1982).  Also:

> The effect of timeliness on petitions to strike default judgment depends entirely upon the validity of the underlying judgment: If the judgment was found to be void . . . timeliness would not be a factor and the petition to strike would be granted.  If the judgment was found to be voidable, timeliness would be a factor and the petition would be granted only if it was filed within a reasonable time.  . . .  The general rule is that if a judgment is sought to be stricken for an irregularity, not jurisdictional in nature, which merely renders the judgment voidable, the application to strike off must be made within a reasonable time.  Conversely, judgments which are void *ab initio* are those which the prothonotary was without authority to enter in the first place.  Such judgments are not voidable, but are legal nullities.

*Oswald*, 80 A.3d at 797 (quotation marks omitted).

Here, Miller's verification incorrectly referred to "foregoing discovery

responses" and an "answer." Nevertheless, the trial court found that these misstatements amounted to a "mere irregularity," which did not affect the court's jurisdiction over the parties or subject matter. Trial Court Opinion, 4/26/18, at 5, citing *George H. Althof, Inc.*, 441 A.2d at 1238 n.3. The court thus reasoned that the default judgment was, at most, voidable, and it could grant or deny Appellants' petition to strike depending on the petition's timeliness. Trial Court Opinion, 4/26/18, at 5, *citing Oswald*, 80 A.3d at 797. The court found that Appellants' filing of their petition three months after receiving notice of the entry of default judgment was not timely, and accordingly held that Appellants waived this issue. Appellants concede that "a defective [v]erification is not jurisdictional," but maintain that Miller's defective verification was a fatal defect on the face of the complaint. Appellants' Brief at 61. This claim does not go to any fatal defect on the face of the record that would entitle them to relief as a matter of law. Consequently, the trial court did not err in denying relief on this issue.

> In sum, the trial court concluded:

> If [Appellants] were unsure about what to do after receiving any of the pleadings and notices, then [Appellants] certainly could have made efforts to contact [Miller's] counsel or the Court during the nearly four month period between service of the Complaint and default judgment being entered. [Appellants] took no such action. As such, [Appellants] failed to prove that they have a reasonable excuse for their failure to file a timely responsive pleading.

Trial Court Opinion, at 11-12 (footnote omitted).

> Our review of the record is consistent with the trial court's

determination. Thus, we discern no basis for disturbing the trial court's denial

of Appellants' petition to open or strike the default judgment.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/6/18