511 A.2d 761

**FRANKLIN INTERIORS, Appellee,**

**v.**

**WALL OF FAME MANAGEMENT COMPANY, INC., John D. Harper, Jr. and Thomas M. Reich, Appellants.**

Supreme Court of Pennsylvania.

Argued March 6, 1986.

Decided June 23, 1986.

Jay D. Glasser, Hollinshead & Mendelson, Pittsburgh, for appellants.

Patricia McCommon, Nernberg & Laffey, Pittsburgh, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

PAPADAKOS, Justice.

This is the appeal of Wall of Fame Management Company, Inc., John D. Harper, Jr., and Thomas M. Reich (Appellants) from the Order of the Superior Court reversing the Order of the Court of Common Pleas of Allegheny County striking a confessed judgment against Appellants by Franklin Interiors (Appellee). 343 Pa.Super. 623, 494 A.2d 489.

On October 19, 1981, Appellee filed a Complaint in Confession of Judgment against Appellants pursuant to a warrant of attorney contained in a written contract, dated November 26, 1980, for custom millwork. Appellee averred that Appellants had defaulted on payments due under the provisions of the parties' agreement, owing $18,247.50, plus interest and attorney fees in the sum of $4,363.98.

After notice of judgment was mailed to Appellants and a Praecipe for Writ of Execution entered on the judgment, on February 2, 1982, Appellants filed a Petition to Open and/or Strike the Judgment.

The trial court, after receiving oral arguments from the parties and written memoranda of law in support of their respective positions, reviewed the record as filed by Appellee and found that the underlying contract upon which judgment was confessed required the approval of Appellee before becoming a contract. That court pointed to the following language in the contract:

This document does not become a contract until approved by an officer of Franklin Interiors.

The trial court found this language was a condition precedent to the existence of a validly executed contract between the parties and, consequently, a pre-condition to the effectiveness of the confession of judgment clause. Because Appellee's signature was not affixed to the contract, the trial court concluded that the document appeared to be "something less than a contract" and the judgment entered thereon was stricken on the basis of a defect on the face of the record.

Appellee thereupon appealed to Superior Court arguing that the missing signature on the contract could not defeat the enforceability of the instrument, since the parties consented to the contract terms by Appellee performing the work specified therein, and by Appellants accepting performance. Superior Court, in an unpublished memorandum opinion, accepted Appellee's arguments and reversed the trial court's order striking the judgment.

We granted allocatur to determine whether Superior Court's reversal was based on facts dehors the record contrary to our prior established precedents.

It is settled beyond peradventure that a petition to strike may be granted only for defects appearing on the face of the record. *Parliament Industries, Inc. v. William H. Vaughan & Co.,* 501 Pa. 1, 459 A.2d 720 (1983); *In re*

*McCauley's Estate,* 478 Pa. 83, 385 A.2d 1324 (1978); *Malakoff v. Zambar, Inc.,* 446 Pa. 503, 288 A.2d 819 (1972); *Cameron v. Great Atlantic and Pacific Tea Co.,* 439 Pa. 374, 266 A.2d 715 (1970); *Linett v. Linett,* 434 Pa. 441, 254 A.2d 7 (1969); *In re Washington County Controller's Report for 1964,* 427 Pa. 631, 235 A.2d 592 (1967); *Nixon v. Nixon,* 329 Pa. 256, 198 A. 154 (1937); *Davidson v. Miller,* 204 Pa. 223, 53 A. 773 (1902).

Review of a motion to strike, therefore, is limited only to the record as filed by the party in whose favor the warrant is given (here, Appellee). *Parliament, supra; Malakoff, supra; Northway Village v. Northway Properties,* 430 Pa. 499, 244 A.2d 47 (1968); *Kros v. Bacall Textile,* 386 Pa. 360, 126 A.2d 421 (1956). Accordingly, if the record is not self-sustaining, the judgment should be stricken.

■ In this matter, the formation of a valid contract was expressly conditioned upon the written approval of Appellee. All the contract terms, including the confession of judgment clause, are subject to this same condition precedent. The Appellee, through its officers, never entered its signature on the document to evidence approval as required by its terms. This is clearly a facial defect even though the subsequent performance by the parties may give rise to a binding contract between them. At best, the document of record, without more, is nothing other than an offer by Appellants to deal with Appellee under the terms and conditions of the written offer. Until accepted by the Appellee in the mode and manner expressly provided by the terms of the offer, this document remains an unaccepted offer and cannot, in itself, be considered a binding contract. This is hornbook law.

The question we must answer is whether the warrant of attorney included in an unaccepted written offer can be used against Appellants on the basis that there has been oral acceptance or acceptance by performance. We must not lose sight of the fact that Appellee supplied the document and terms therein and that Appellee must be pre-

sumed to have known the effect of the unambiguous terms and conditions of its own document.

Our rules of construction, in fact, require that a written instrument must be strictly construed against its maker. *Central Transportation, Inc. v. Board of Assessment Appeal of Cambria Co.*, 490 Pa. 486, 417 A.2d 144 (1980); *Baltic Development Co. v. Jiffy Enterprises*, 435 Pa. 411, 257 A.2d 541 (1969); *Galligan v. Arovitch*, 421 Pa. 301, 219 A.2d 463 (1966); *Heidt v. Aughenbaugh Coal Co.*, 406 Pa. 188, 176 A.2d 400 (1962); *Cities Service Oil Co. v. Haller*, 393 Pa. 26, 142 A.2d 163 (1958); *Darrow v. Keystone 5, 10, 25, $1.00 Stores*, 365 Pa. 123, 74 A.2d 176 (1950); *Wiegand v. Wiegand*, 349 Pa. 517, 37 A.2d 492 (1944).

■ Applying these principles to the case *sub judice*, it is obvious that the language, "This document does not become a contract until approved by an officer of Franklin Interiors," inserted in this document by Appellee, clearly and unambiguously required it to execute the document. This is a condition precedent to its ability to enforce any of the agreed upon terms, including the confession of judgment clause. Not having followed its own conditions of acceptance, Appellee cannot now rely on this confession of judgment clause and the trial court properly struck the judgment.

■ Moreover, there is no evidence in this record to sustain the facially defective contract, and Superior Court clearly erred in considering any information dehors the record to correct that defect.

This determination is limited only to whether the confessed judgment should be stricken because of a facial defect. It does not address the collateral question of whether a contract would exist if Appellee instituted an assumpsit action against Appellants for the same alleged default because such is not the case before us.

We also do not mean to say that confession of judgment clauses are valid only when executed by both parties. It has always been the law that only the party *against* whom

the warrant is intended to bind must sign it, *L.B. Foster Co. v. Tri-W Const. Co., Inc.,* 409 Pa. 318, 186 A.2d 18 (1962); *Frantz Trac. Co. v. Wyoming Val. Nursery,* 384 Pa. 213, 120 A.2d 303 (1956); *Cutler Corp. v. Latshaw,* 374 Pa. 1, 97 A.2d 234 (1953), because the law assumes the assent of the person to the warrant in whose favor it is drawn. *Appeal of Claason,* 22 Pa. 359 (1853); *Breading v. Boggs,* 20 Pa. 33 (1852); *McCalmont v. Peters,* 13 S. & R. 196 (1825).

But in this case, no assumption can be made that Appellee assented to the warrant because it expressly conditioned acceptance of all the contract terms upon its execution of the document. Accordingly, our earlier cases of *L.B. Foster Co., Frantz Trac. Co.,* etc., are distinguishable. Since the required execution by Appellee is missing, the confession of judgment clause cannot be invoked. That being the case, Superior Court's Order is reversed and the trial court's Order striking the judgment is reinstated.