

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-13-2005

# MDNet Inc v. Pharmacia Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4782

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"MDNet Inc v. Pharmacia Corp" (2005). *2005 Decisions.* Paper 1027.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1027

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No: 03-4782

_____

MDNET, INC.,

Appellant,

v.

PHARMACIA CORPORATION, and
GREENSTONE LTD. t/d/b/a GREENSTONE
HEALTHCARE SOLUTIONS

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 02-CV-1237
District Judge: The Honorable Gary L. Lancaster

_____

Submitted Under Third Circuit LAR 34.1(a)
January 11, 2005

Before: ROTH and CHERTOFF,[*] *Circuit Judges*, and SHAPIRO,[**] *District Judge*.

(Opinion Filed: June 13, 2005)

_____

[*] This case was submitted to the panel of judges Roth, Shapiro[**] and Chertoff.  Judge Chertoff resigned after submission, but before the filing of the opinion.  The decision is filed by a quorum of the panel.  28 U.S.C. § 46(d).

[**] Honorable Norma L. Shapiro, Senior District Judge for the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

---

OPINION

---

SHAPIRO, *District Judge*.

MDNet, Inc. ("MDNet") filed this action against Pharmacia Corporation ("Pharmacia") and Greenstone Ltd. ("Greenstone") for breach of contract, promissory estoppel, and fraudulent misrepresentation. MDNet appeals the district court dismissal for failure to state a claim upon which relief can be granted.

## I. FACTS AND PROCEDURAL HISTORY

MDNet is an "Internet e-Health Company" that develops virtual private networks ("VPNs") for doctors and hospitals.[1] Pharmacia makes and distributes pharmaceuticals. Greenstone is a wholly owned subsidiary of Pharmacia, and does data-mining, data modeling, e-business applications and other marketing tasks. This dispute arose when Greenstone and Pharmacia ended contract negotiations with MDNet. MDNet alleges an oral contract had been formed; Pharmacia and Greenstone disagree.

In May, 1999, Greenstone and MDNet entered into a three-month trial business arrangement, memorialized in a written contract ("the May 1999 Agreement"); MDNet provided marketing data to Greenstone for $30,000. The firms found the trial

---

[1] A VPN is a private computer network that uses a public network such as the Internet to connect users together securely.

arrangement beneficial, and wanted to expand their venture so that MDNet would develop VPNs for doctors and hospitals and create sales opportunities for Greenstone and Pharmacia. The venture included the development of a VPN for a group of Texas urologists ("Prime Medical") that would enable Pharmacia to market the prescription drug "Detrol" to the urologists.

In October, 1999, MDNet, Greenstone, Pharmacia, and Prime Medical agreed by written contract ("the October 1999 Agreement") that MDNet would develop a VPN for Prime Medical, and Greenstone would have access to the urologists and their data. Greenstone orally agreed to provide $700,000 in funding. The October 1999 Agreement contained the following clauses:

> 10. Prime Medical, MDNet, and Greenstone/PNU intend to maintain a dialogue to consider further exploration of their business relationship. However, any binding agreement resulting from such dialogue must be entered into in writing.
>
> [...]
>
> 14. This agreement shall continue in effect until any party gives at least 30 days' advance notice of its intention to terminate to the others, provided that this agreement may not be terminated prior to December 31, 2002, except by a non-breaching party upon any breach, default or other failure to perform by any other party hereto.

Representatives of MDNet and Prime Medical met with representatives of Pharmacia and Greenstone on August 17, 2000 to negotiate expansion of the venture. MDNet alleges that Pharmacia and Greenstone entered into an oral agreement with MDNet ("the August 2000 Agreement"). MDNet claims the terms of the August 2000

3

Agreement were as follows: 1) Pharmacia would provide $2,000,000 in funding over two years; 2) Pharmacia would make available a marketing and sales support team; and 3) Pharmacia would receive exclusive access to MDNet's VPN business model and the Prime Medical urologists to promote Detrol and other drugs. The parties proceeded to exchange proposed written contracts to formalize the agreement, but they could not reach agreement. Before a written contract was signed, Pharmacia and Greenstone abandoned the negotiations and refused to provide $2,000,000 in additional funding.

MDNet filed this action alleging the August 2000 Agreement was an oral contract breached by Pharmacia and Greenstone. The breach of contract claim also alleged Pharmacia and Greenstone breached the October 1999 Agreement, but the complaint did not specify the obligations that were unperformed. Additionally, MDNet alleged promissory estoppel and fraudulent misrepresentation. It attached to the complaint copies of the May 1999 and October 1999 Agreements, and a proposed written contract of September, 2000 ("the September 2000 Proposed Contract") that MDNet claims memorialized the August 2000 Agreement.

Pharmacia and Greenstone moved to dismiss all claims for failure to state a claim upon which relief can be granted. They argued an oral contract had not been formed, because the October 1999 Agreement contained a clause requiring that any further agreements must be in writing. The magistrate judge issued a report and recommendation recommending that the district court grant the motion. The district court adopted the

4

report and recommendation, and granted the motion. This appeal followed.

## II. JURISDICTION AND STANDARD OF REVIEW

The district court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). This court has jurisdiction pursuant to 28 U.S.C. § 1291. Our review of a district court dismissal of a complaint pursuant to Rule 12(b)(6) is plenary, and we apply the same test as the district court. *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183 (3d Cir. 2000). A motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief. *Id.* A court may consider undisputedly authentic exhibits attached to a complaint without converting a motion to dismiss into a motion for summary judgment. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993); Fed.R.Civ.P. 10(c). While our standard of review requires us to accept as true all factual allegations in the complaint, we need not accept as true unsupported conclusions and unwarranted inferences. *Doug Grant, Inc.*, 232 F.3d at 183-184. The district court determined, and the parties agree, that Pennsylvania law applies to all substantive questions of law.

## III. DISCUSSION

The district court concluded the parties could not have formed an oral contract because a clause in the October 1999 Agreement required further agreements to be in writing. The court held the clause operated as a condition precedent to the formation of a

contract, and MDNet had not alleged any conduct on the part of defendants showing their intent to waive the requirement. The court also dismissed the claim for breach of the October 1999 Agreement, since MDNet failed to specify the obligations Pharmacia and Greenstone had failed to perform. Finally, the court dismissed the claims for promissory estoppel and fraud because MDNet could not have reasonably relied on the oral agreement or defendants' alleged misrepresentations.

## A. Breach of Contract

A breach of contract claim requires MDNet to show a contract between the parties, the essential terms of the contract, a breach of a duty under the contract, and resultant damages. *See Electron Energy Corp. v. Short*, 597 A.2d 175 (Pa. Super. Ct. 1991), *aff'd*, 618 A.2d 395 (Pa. 1993). A valid, binding contract exists when the parties have manifested an intent to be bound, the terms are sufficiently definite, and there is consideration. *In re Estate of Hall*, 731 A.2d 617, 621 (Pa. Super. Ct. 1999), *appeal denied*, 751 A.2d 191 (Pa. 2000). Parties may bind themselves contractually prior to the execution of a written document through mutual manifestations of assent, even where a later formal document is contemplated. *Luber v. Luber*, 614 A.2d 771, 773 (Pa. Super. Ct. 1992), *appeal denied*, 631 A.2d 1008 (Pa. 1993). MDNet alleges Pharmacia and Greenstone manifested the intent to be bound during the August 2000 negotiations because their authorized representatives stated they were "in" and "Pharmacia was their partner in this venture." The complaint states the terms of the contract were definite, and

6

the consideration was two million dollars and a sales support team in exchange for exclusive access to the MDNet business model and the Prime Medical VPN. The complaint also alleges Pharmacia failed to provide the two million dollars, and MDNet's value was diminished as a result.

The district court erred in finding the parties could not have formed an oral contract because the clause requiring a written agreement created a condition precedent. The court relied on *Franklin Interiors v. Wall of Fame Management Co.*, 511 A.2d 761, 762 (Pa. 1986). In *Franklin Interiors*, the court held that a document was not a contract because it contained a clause stating that the document would not become a contract until approved by an officer of Franklin Interiors; no officer had approved it. *Franklin Interiors* does not directly apply to the facts of this action. A condition precedent to a contract is formed not by past contracts, but the instant contract. *See* Restatement (Second) of Contracts § 224 (1981). The usual examples are option contracts, or contracts requiring financing or insurance. *See Shovel Transfer & Storage Inc. v. PLCB*, 739 A.2d 133, 139 (Pa. 1999); *Cambria Sav. & Loan v. Estate of Gross*, 439 A.2d 1236, 1239 (Pa. Super. Ct. 1982). Where a requirement is contained in a former contract, the parties may waive the requirement by a later oral modification of the former contract. Parties may orally agree to modify a written contract, even where the written contract contains language prohibiting oral modifications. *Universal Builders, Inc v. Moon Motor Lodge, Inc.*, 244 A.2d 10, 15 (Pa. 1968); *C. I. T. Corp. v. Jonnet*, 214 A.2d 620 (Pa.

7

1965). Whether the clause at issue is described as a condition precedent is irrelevant, since parties can waive a condition precedent. "The requirement of a written authorization may also be considered a condition which has been waived." *Universal Builders, Inc.*, 244 A.2d at 15 (citing 5 Williston on Contracts § 689 (3rd ed. 1961)).

An oral waiver or modification of a written contract must be proved by clear, precise and convincing evidence, including conduct by the parties that "clearly shows the intent to waive the requirement that the amendments be made in writing." *Somerset Community Hospital v. Allan Mitchell & Assocs.*, 685 A.2d 141,146 (Pa. Super. Ct. 1996). As the Pennsylvania Supreme Court forcefully stated:

> An oral contract changing the terms of a written contract must be of such specificity and directness as to leave no doubt of the intention of the parties to change what they had previously solemnized by a formal document. The oral evidence must be of such a persuasive character that it moves like an ink eradicator across the written paper, leaving it blank so that the parties in effect start afresh in their negotiations and mutual commitments.

*Gloeckner v. School Dist. of Baldwin Tp.*, 175 A.2d 73, 75 (Pa. 1961).

In light of the exhibits attached to MDNet's complaint, MDNet failed to plead facts from which one could reasonably infer Pharmacia and Greenstone intended to waive the clause requiring a written agreement. MDNet's complaint makes no reference at all to the writing requirement. MDNet's complaint does not allege that Pharmacia and Greenstone intended to waive or modify Paragraph 10 of the October 1999 Agreement. The complaint does not allege that an authorized agent of Pharmacia or Greenstone ever made any statement waiving the requirement of a writing. MDNet appears to argue that

8

Greenstone and Pharmacia, by oral assent to the August 2000 Agreement, impliedly waived or modified the requirement of written modification. This is not clear and convincing evidence as a matter of law. The district court correctly dismissed the claim for breach of contract.

**B. Promissory Estoppel**

To make a claim for promissory estoppel, MDNet must allege: 1) Pharmacia and Greenstone made a promise they should have reasonably expected to induce action or forbearance on the part of MDNet; 2) MDNet actually took action or refrained from taking action in reliance on the promise; and 3) injustice can be avoided only by enforcing the promise. *See Crouse v. Cyclops Industries*, 745 A.2d 606, 610 (Pa. 2000). Promissory estoppel is applied to enforce a promise not supported by consideration, where there is no binding contract. *See, e.g., Bethlehem Steel Corp. v. Litton Indus., Inc.*, 488 A.2d 581, 593 (Pa. 1985).

MDNet's complaint alleges Pharmacia expressly and intentionally promised $2,000,000 in funding to induce MDNet to continue development of the VPN and forgo other business opportunities. MDNet alleges its reliance was reasonable and justifiable. The district court found MDNet could not have reasonably relied on the oral promises made by appellees because their prior agreement required a writing for a further binding agreement. The requirement of a written contract does not necessarily prevent an oral waiver or modification, but MDNet alleges no facts showing an intention to waive or

9

modify the requirement of a writing. Additionally, MDNet pled that there was consideration for the exchange of promises, where promissory estoppel is applied to enforce a promise not supported by consideration. *See, e.g., Bethlehem Steel Corp.*, 488 A.2d at 593. The district court correctly dismissed the claim for promissory estoppel.

## C. Fraudulent Misrepresentation

A plaintiff alleging fraud must plead: (1) a representation; (2) material to the transaction; (3) made falsely, with knowledge of its falsity or recklessness as to its falsity; (4) with the intent of misleading another to rely on it; (5) justifiable reliance on the misrepresentation; and, (6) resulting injury proximately caused by the reliance. *Bortz v. Noon*, 729 A.2d 555, 560 (Pa.,1999). "There is a special kind of proximate cause requirement for fraud and misrepresentation, and plaintiff must demonstrate that a specific statement *caused* a specific harm." *Hurt v. Philadelphia Hous. Auth.,* 806 F.Supp. 515, 530 n. 25 (E.D.Pa.1992) (emphasis in original).

A pleading of fraud is subject to heightened specificity requirements. *See* Fed.R.Civ.P. 9(b). Plaintiff may not simply point to a bad result and allege fraud, but must "inject precision and some measure of substantiation into the allegations." *In re Chambers Dev. Sec. Litig.*, 848 F.Supp. 602, 616 (W.D.Pa.1994). When multiple defendants are involved, the complaint must plead with particularity by specifying the allegations of fraud applying to each defendant. *Cinalli v. Kane*, 191 F.Supp.2d 601, 609 (E.D.Pa. 2002). MDNet failed to specify the defendant or agent making the alleged

10

fraudulent statement.

The district court found MDNet could not prove justifiable reliance because no party could justifiably rely on an oral promise foreclosed by the requirement that a subsequent agreement be in writing. MDNet alleges no facts from which one could reasonably infer an intention to waive or modify the writing requirement. The continued negotiation of the September 2000 Proposed Contract, defining many of the essential terms of an agreement, made reliance on tentative oral statements unreasonable. The district court correctly dismissed the claim for fraudulent misrepresentation.

## IV. CONCLUSION

For reasons other than those relied on by the district court, we affirm the dismissal of the MDNet complaint.s