J-A14028-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| RISHABH SOFTWARE PRIVATE LTD | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| COGENT INFOTECH CORPORATION | : | |
| | : | |
| Appellant | : | No. 1346 WDA 2019 |

Appeal from the Order Entered July 30, 2019
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD-18-015965

| | | |
|---|---|---|
| RISHABH SOFTWARE PRIVATE LTD | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| COGENT INFOTECH CORPORATION | : | |
| | : | |
| Appellant | : | No. 1347 WDA 2019 |

Appeal from the Order Entered July 30, 2019
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  No. GD-18-015965

BEFORE:  SHOGAN, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.:                FILED NOVEMBER 06, 2020

Cogent Infotech Corporation ("Cogent") appeals from the order denying its petition to open or strike a default judgment. We affirm.

Rishabh Software Private LTD ("Rishabh") "is a business with offices in Gujarat, India." Complaint, filed 12/5/18 at ¶ 1. Cogent is a corporation with its place of business in Pittsburgh, Pennsylvania. Id. at ¶ 2. Rishabh filed and served a Complaint against Cogent in December 2018, alleging that Cogent

failed to pay for services provided by Rishabh. Id. at ¶ 7, 10. Cogent did not file any responsive pleading to the Complaint. Rishabh filed a Praecipe for Default Judgment in March 2019, which included a certification that it had mailed Cogent a notice of default judgment at Cogent's corporate address on February 21, 2019. The Prothonotary entered the default judgment on March 5, 2019, and sent notice of the docket entry to Cogent the following day, March 6, 2019. The judgment included attorney's fees.

Nearly five months later, on July 30, 2019, after Rishabh served writs of execution against First National Bank and Wells Fargo Bank, Cogent filed an Emergency Petition to Strike/Open Default Judgment, to Dismiss Complaint and for Relief from Execution Proceedings. Cogent argued that the court should strike or open the judgment because Rishabh was a foreign entity that had conducted business in Pennsylvania without having registered to do so, and it therefore lacked capacity to bring suit in Pennsylvania. See Emergency Petition at 2-4 (unnumbered), ¶¶ 3-7 (citing 15 Pa.C.S.A. § 411(b)).

Cogent further argued that the court should open the default judgment for three additional reasons. First, it contended that the breach of contract claim was based on an unsigned proposal that allegedly made Cogent's signature a condition precedent to acceptance. Second, it argued that if there was a contract, it required the claim to go to alternative dispute resolution. Third, it maintained that the contract did not provide for attorney's fees. See Emergency Petition, at ¶¶ 8-10. Cogent also alleged that its counsel had no notice of the default judgment until a week prior to its filing of the Petition,

- 2 -

when Rishabh attempted to execute the judgment. Id. at 5 (unpaginated).

After Rishabh filed a response, the court denied the petition. See Orders, filed

7/30/19. Cogent filed this timely appeal. It raises three issues:

I.   Does 15 Pa.C.S. § 411(b)'s prohibition against [Rishabh's] maintenance of any action or proceeding in this Commonwealth, unless such nonregistered foreign association has registered to do business in this Commonwealth, also prohibit [Rishabh] from obtaining affirmative judgments against [Cogent] and its bank by praecipe, such that the lower court lacked the power or authority to enter those judgments, without any showing by [Rishabh] that it is registered to do business in this Commonwealth?

II.  Does the controlling precedent of our unanimous Supreme Court in Franklin Interiors v. Wall of Fame Management Company, Inc., 510 Pa. 597, 511 A.2d 761 (1986), holding that a purported claim for contract damages, such as the sole claim at issue, based on an unsigned written proposal document requiring signed acceptance is, without more, incapable of sustaining a judgment thus requiring that the judgment therein be stricken, also require that the judgments herein be stricken?

III. Did [Rishabh's] counsel fail to provide adequate advance notice due under Pa.R.C.P. 237.1(a)(2)(ii) and the Due Process Clause of the 14th Amendment to the United States Constitution, where the record is devoid of any evidence that anyone ever received any advance notice on behalf of the incorporeal corporate [Cogent], advising that [Rishabh's] counsel intended to enter default judgment against [Cogent] such that the judgments at issue herein are void ab initio, requiring that they be stricken?

Cogent's Br. at 9-10.

Cogent first argues that the court should have stricken the default

judgment because 15 Pa.C.S.A. § 411(b) bars an unregistered foreign

company from "obtaining any judgment in its favor in this Commonwealth . . . ." Cogent's Br. at 34 (emphasis in original); see also id. at 31, 43. It maintains that Rishabh's failure to register deprived the court of subject matter jurisdiction. See id. at 31, 35, 36, 39, 41.

Our standard of review of an order granting or denying a petition to strike a default judgment is de novo. U.S. Bank Nat'l Ass'n for Pa. Hous. Fin. Agency v. Watters, 163 A.3d 1019, 1028 (Pa.Super. 2017). A petition to strike a default judgment requires the petitioner to demonstrate a fatal defect appearing on the face of the record. Id.; Williams v. Wade, 704 A.2d 132, 134 (Pa.Super. 1997). "When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a [default] judgment, a court may only look at what was in the record when the judgment was entered." Cintas Corp. v. Lee's Cleaning Servs., Inc., 700 A.2d 915, 917 (Pa. 1997).

This issue is meritless. The failure of a foreign company to register to do business is not a jurisdictional defect or a defect appearing on the face of documents in the record when the Prothonotary entered the default judgment. Rather, it deprives the company of the capacity to bring suit in Pennsylvania courts. See 15 Pa.C.S.A. § 411(b); Drake Mfg. Co., Inc. v. Polyflow, Inc., 109 A.3d 250, 257 (Pa.Super. 2015). Indeed, Cogent presented this argument in its Emergency Petition as one going to capacity to sue, and not jurisdiction. Unlike lack of subject matter jurisdiction, lack of capacity to sue is a waivable defense. See id. Its resolution requires information outside the record at the

- 4 -

time the court entered the default judgment, and is thus not a fatal defect appearing on the face of the record. The trial court properly rejected this claim.

Cogent next argues that the court should have stricken the judgment because Rishabh based its claim on a document Cogent did not sign, and the lack of signing precluded the entry of a valid judgment. In support, it cites Franklin Interiors v. Wall of Fame Management Co., Inc., 511 A.2d 761 (Pa. 1986).

Franklin Interiors is inapposite. There, the Supreme Court held that the trial court should have stricken a confessed judgment because no contract had formed such that the clause authorizing the confessed judgment had never become effective. Id. at 763. The Court cited language in the agreement that the agreement did "not become a contract until approved by an officer of" the plaintiff. Id. The Court concluded that that clause rendered signing by the plaintiff a condition precedent to enforcing any part of the agreement, including the confession of judgment clause. Id.

Here, we are not dealing with a confessed judgment, but rather an ordinary default judgment. In such a case, the absence of a signature in an agreement is not a fatal defect precluding the entry of the judgment. Rather, it is a potentially meritorious defense going to contract formation. A party's authority to confess judgment is contingent on the formation of a contract. In contrast, the court's authority to enter a default judgment is not contingent on the parties' contract, but derives purely from Pennsylvania law. This claim lacks merit.

For its final claim, Cogent maintains that Rishabh violated Pa.R.C.P. 237.1 because Cogent allegedly did not receive a proper 10-day notice of default judgment. Cogent argues that because Rishabh sent the notice to Cogent itself, rather than to Cogent's counsel, the court should have stricken the default judgment. It further claims that the failure to strike the default judgment on account of the alleged failure comply with Rule 237.1 deprived it of due process.

Cogent's final issue also lacks merit. Cogent waived any due process claim by failing to raise it below in its Emergency Petition. Although it made mention of such a claim in its motion for reconsideration, that was insufficient to preserve it for appeal. See Rabatin v. Allied Glove Corp., 24 A.3d 388, 391 (Pa.Super. 2011). It also waived any claim that a Rule 237.1 violation required the trial court to strike the default judgment by failing to raise that claim below. It presented the alleged violation to the lower court as a basis for opening the judgment only.

Moreover, the claim of a Rule 237.1 violation lacks merit. The rule requires a party to include in a praecipe to enter a default judgment a certification that the party mailed "a written notice of intention to file the praecipe" "to the party against whom judgment is to be entered and to the party's attorney of record, if any." Pa.R.C.P. 237.1(a)(2)(i)-(ii); Ridgid Fire Sprinkler Serv., Inc. v. Chaiken, 482 A.2d 249, 254 (Pa.Super. 1984). Failure to comply with this directive renders the record fatally defective. See Erie Ins. Co. v. Bullard, 839 A.2d 383, 387 (Pa.Super. 2003). Here, the

record shows that Cogent's counsel did not enter his appearance until July 17, 2019, some four months after the entry of the default judgment. It follows that he was not counsel of record when Rishabh mailed the notice. As Rule 237.1 only required Rishabh to mail the notice to Cogent, there was no violation. Although Cogent alleges that its counsel had asked Rishabh's counsel on the phone to mail the notice to his attention, Rishabh's alleged failure to do so does not constitute a violation of Rule 237.1.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/6/2020